```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

      MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


JOHN ANDREW KISTER,         )
                            )
    Plaintiff,              )
                            )      CIVIL ACTION NO.
    v.                      )        2:20cv607-MHT
                            )             (WO)
PATRICE JONES, Warden,      )
                            )
    Defendant.              )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit asserting that defendant violated his constitutional rights by failing to ensure that he received a lock upon arrival at the prison she oversees, as a result of which his property was stolen and he was forced to wear the same clothing and had no towel for 22 days.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendant's motion for summary judgment be granted.  There are no objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the

magistrate judge's recommendation should be adopted, except to the extent that the recommendation's findings conflict with the discussion below.

In response to plaintiff's complaint, defendant Patrice Jones, warden of Bullock Correctional Facility submitted an affidavit attesting that the inmate property sheet attached to her affidavit showed the items that plaintiff had in his possession upon arrival at the facility. *See* Nov. 20, 2020 Affidavit of Patrice Jones (Doc. 15-1). That property sheet had a check mark on the line next to the word "Lock." *See* Inmate Property Sheet (Doc. 15-1).* Plaintiff responded by filing a notice of fraud upon the court alleging that someone had fraudulently added the checkmark next to the word "Lock" on the inmate property sheet. The first notice (Doc. 36) had attached to it a poor copy of the same property sheet (Doc. 36-1), appearing to

---

* The check mark, at first glance, appears to have been written by a different person that the one who made the remaining marks on the sheet.

2

show that there was no checkmark next to the word "Lock." Plaintiff later filed a second notice (Doc. 38) that had attached to it what plaintiff said was his original copy of the property sheet (Doc. 38-1), which was far more legible, on which it was clear that the line for "Lock" was not checked. Warden Jones later submitted a revised affidavit with a copy of the property sheet with the line next to the word "Lock" left unchecked. *See* August 24, 2021 Affidavit of Patrice Jones (Doc. 50-1).

The Attorney General's Office requested an investigation into the differing versions of the form, which was conducted by the Alabama Department of Corrections Law Enforcement Services Division. The investigation found allegations of fraud against the defendant warden unsubstantiated (Doc. 56-1). Specifically, the investigator wrote:

> "The allegations against Warden Jones are 'UNSUBSTANTIATED' because the preponderance of the evidence does not show that she overtly violated ADOC A.R. 208 V. C. (20) by aiming

3

> '[to] provide false information…or intentionally [omitting] facts pertinent to the inquiry.' The preponderance of the evidence shows that Warden Jones did not concern herself with that which she signed. Instead, she apparently allowed herself to sign conflicting sworn statements, prepared in part by Ms. Scott, regarding information about which Warden Jones exercised no substantial knowledge."

Investigation Report (Doc. 56-1) at 4; *see also id*. ("It is apparent that Warden Jones signed conflicting sworn statements. ... Considering Ms. Scott's and Warden Jones' statements that the warden does not typically concern herself with characteristically inconsequential papers like Inmate Kister's property sheet, it is plausible that Warden Jones' conflicting testimonies are more indicative of her dispassionateness to the matter than her lying or deceit."). In other words, the investigation found Warden Jones did not intentionally submit false testimony but instead that she submitted an affidavit to a federal court without ensuring that the facts attested to were within her personal knowledge and

4

accurate. And Warden Jones admitted as much in a subsequent affidavit. *See* August 15, 2022 Affidavit of Patrice Jones (Doc. 64-1) at 1-2 ("Although I have had no involvement in the investigation, I have read the report and I agree with the conclusion that I did not concern myself with what I signed. ... I apparently allowed myself to sign conflicting sworn statements, prepared in part by my assistant Ms. Scott regarding information about which I had no substantial knowledge."). Warden Jones should take care in the future to ensure that she does not attest to facts that are not within her personal knowledge or are inaccurate.

In any case, because whether plaintiff came to the prison with a lock in his possession or not is not dispositive, the court will proceed to enter summary judgment. An appropriate judgment will be entered.

DONE, this the 31st day of July, 2023.

                 /s/ Myron H. Thompson
                 **UNITED STATES DISTRICT JUDGE**