IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ANDREW KISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:20cv607-MHT |
| | ) | (WO) |
| PATRICE JONES, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pursuant to 42 U.S.C. § 1983, plaintiff John Andrew Kister, a state prisoner, filed this lawsuit asserting that the defendant warden violated his constitutional rights by failing to ensure that he received a lock upon arrival at the prison she oversees, as a result of which his property was stolen and he was forced to wear the same clothing and to use a rag for a towel for 22 days. In July 2023, the court adopted the report and recommendation of the magistrate judge, granted summary judgment for the defendant, and closed the case. This lawsuit is now before the court on plaintiff Kister's

**motion to reopen the case, filed on November 12, 2025. For the following reasons, the motion will be denied.**

**Kister moves to reopen the case based on the decisions in *Chapman v. Dunn*, 129 F.4th 1307 (11th Cir. 2025), and in his own appeal in the case of *Kister v. Borowicz*, No. 23-13338, 2025 WL 1013729 (11th Cir. Apr. 4, 2025). The *Chapman* case was filed by a pro se prisoner in this judicial district and handled in the district court through a 'special report' procedure previously used for pro se prisoner litigation. *See* Chapman, 129 F.4th at 1318-1329. Pursuant to that procedure, the magistrate judge entered a recommendation that summary judgment be granted to multiple defendants and gave the plaintiff 14 days to object to the recommendation. After the plaintiff did not respond, the district court adopted the recommendation and granted summary judgment. *See id.* at 1319. On appeal, the Eleventh Circuit Court of Appeals reversed the district court's grant of summary**

judgment, holding that, "in the particular circumstances here, 14 days wasn't 'a reasonable time' for Chapman to object to the report and recommendation, *see* Fed. R. Civ. P. 56(f), and accordingly, that Chapman didn't receive 'an adequate opportunity to develop the record' in this fact-intensive dispute." *Id.* One judge also issued a concurrence explaining why he found the special report procedure used in pro se prisoner litigation problematic. *See id.* at 1319-1329 (Jordan, J., concurring).

In *Kister v. Borowicz*, where the district court granted summary judgment against Kister, the appeals court reversed the grant of summary judgment because "the district court's use of the special-report procedure did not afford Kister with adequate notice and an opportunity to respond before summary judgment was entered against him." *Kister v. Borowicz*, No. 23-13338, 2025 WL 1013729, at *4.

Kister now argues that this case should be reopened based on the decisions in *Borowicz* and *Chapman*. The court construes Kister's motion as a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b)(6), as Kister suggests.[1] Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment[; it] also includes a 'catchall' provision--Rule 60(b)(6)--that allows a district court

1. Kister also suggests that his motion could be construed as an out-of-time request to file an appeal or as an out-of-time request to object to the magistrate judge's recommendation. The court declines to construe the motion in these ways. First, it is too late for plaintiff to file an out-of-time appeal. *See* F.R.A.P. 4(a)(6) (allowing courts to reopen the time to appeal only if the motion is filed within 180 days of entry of the judgment or within 14 days after the moving party receives notice of the entry of judgment, in addition to other requirements). Second, construing the motion as an out-of-time request to object to the recommendation would not help, because granting an extension to file an objection without vacating the judgment would be meaningless.

to reopen a case for 'any other reason that justifies relief.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)).[2]

"Relief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM*, 605 U.S. at 210. While extraordinary circumstances can sometimes be found "where there has been a clear-cut change in the law, it is also clear that a change in the law will not *always* provide the truly extraordinary circumstances necessary to reopen a case." *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987); *see also Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the

---

2. Kister also contends that he is entitled to relief due to "new evidence"—his realization that the special report procedure was used in only prisoner cases. *See* Fed. R. Civ. P. 60(b)(2). However, a litigant's increased understanding of the law is not evidence. *See United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) ("[E]vidence is '[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact.'" (citing Black's Law Dictionary 576 (7th ed. 1999)). Therefore, Federal Rule of Civil Procedure 60(b)(2) does not apply here.

**law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).”). A party’s “lack of diligence in pursuing review of [the] issue” raised in a Rule 60(b)(6) motion weighs against a finding of extraordinary circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005); *see also Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993) (“To justify relief under subsection [(b)](6) [of Federal Rule of Civil Procedure 60], a party must show ‘extraordinary circumstances’ suggesting that the party is faultless in the delay.” (citations omitted)).**

**Kister has failed to show extraordinary circumstances here. First, there has been no “clear-cut change in the law” regarding the use of the special-report process. *Ritter*, 811 F.2d at 1401. In *Chapman* and *Borowicz*, the Eleventh Circuit Court of Appeals found that, under the circumstances present in those cases, the district court erred by giving the pro**

**se prisoner plaintiff insufficient time to object to a report and recommendation, but did not prohibit the use of the special-report procedure or suggest that all cases decided using that procedure must be overturned.[3] Indeed, in another case the same year, the Eleventh Circuit Court of Appeals noted that it "has recommended the use of special reports in pro se prisoner litigation for fifty years" and explained the "benefits of an order requiring a special report."** ***Horton v. Gilchrist*****, 128 F.4th 1221, 1225-1226 (11th Cir. 2025).**

**That said,** ***Chapman*** **did make clear that, at least in circumstances similar to the ones in that case, it would be an abuse of discretion to give a pro se prisoner plaintiff only 14 days to object to a magistrate judge's report and recommendation that summary judgment be granted against him. But even assuming that** ***Chapman*** **created a clear change in the**

---

**3. Of course, the concurring opinion in** ***Chapman*** **disapproving of the special-report procedure is not binding law because it was not adopted by the majority of judges on the panel.**

**law, Kister cannot show extraordinary circumstances here because he did not diligently raise his challenge to the court's entry of summary judgment against him. Whereas in the *Borowicz* case, Kister filed a timely appeal of the district court's decision, in this case Kister decided not to appeal. Moreover, the appellate court's *Borowicz* decision was released in early April 2025, but Kister did not file his current motion to reopen the case until mid-November 2025, over seven months later. Indeed, Kister did not take any action in this case for over two years after entry of summary judgment against him. Because Kister was not diligent in challenging the entry of judgment against him, the court finds that the extraordinary circumstances necessary for relief under Rule 60(b)(6) do not exist.**

**Accordingly, it is ORDERED that plaintiff's motion to reopen the case (Doc. 81) is denied.**

**DONE, this the 28th day of September, 2026.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**